HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLYMPIC FOREST COALITION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>COAST SEAFOODS COMPANY, a Washington corporation,<br><br>Defendant. | CASE NO. C16-5068RBL<br><br>ORDER DENYING MOTION TO DISMISS<br><br>[DKT. 14] |

THIS MATTER is before the Court on Defendant Coast Seafoods' Motion to Dismiss [Dkt. #14] under Fed. R. Civ. P. 12(b)(6). The Court has reviewed the Complaint, the materials filed for and against the motion and the Court has heard oral argument. For the following reasons, the Motion to Dismiss is **DENIED**.

To survive a motion to dismiss for failure to state a claim, the complaint must allege "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court must decide whether the allegations plausibly suggest an entitlement to relief, such that it is unfair to require the opposing party to be subjected to the expense of discovery and continued

litigation." *Eclectic Props. E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990 (9th Cir. 2014). The determination "requires the reviewing Court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The CWA establishes a comprehensive statutory system for controlling water pollution. To that end, it established the National Pollution Discharge Elimination System ("NPDES") permit scheme "for regulating discharges of pollutants into waters of the United States." *Nat'l Wildlife Fed'n v. Consumers Power Co.*, 862 F.2d 580, 582 (6th Cir. 1988). Accordingly, "[t]he 'discharge of any pollutant' from a 'point source' into navigable waters is unlawful under the [CWA] unless made per the terms of an NPDES permit . . . ." *APHETI*, 299 F.3d at 1015. A point source is "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, . . . concentrated animal feeding operation, or vessel or other floating craft. 33 U.S.C. § 1362(14).

The United States Court of Appeals for the Ninth Circuit has twice held that courts evaluating whether a particular conveyance is a point source must start with the definition Congress included in the statute. *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Forsgren*, 309 F.3d 1181, 1185-86 (9th Cir. 2002); *Nw. Envtl. Def. Ctr. v. Brown*, 640 F.3d 1063, 1070-71, 1079 (9th Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1326 (2013). If the statutory definition clearly answers the question presented, that is the end of the analysis. *Forsgren*, 309 F.3d at 1185-86; *Brown*, 640 F.3d at 1070-71, 1079. If (and only if) the statutory definition is ambiguous or does not clearly resolve the question presented, a court may look to EPA regulations or other sources of authority to resolve the issue. *APHETI*, 299 F.3d at 1018-19; *see also San Francisco Baykeeper v. Cargill Salt Div.*, 481 F.3d 700 (9th Cir. 2007)

1 | (resolving whether a wetland was a "water of the United States" with reference to EPA
2 | regulations because Congress did not define that term).
3 |       OFCO has plausibly stated a claim for relief in this case.  It alleges Coast Seafoods is
4 | discharging pollutants from pipes, ditches, and channels.  *See* Complaint [Dkt. #1] at ¶¶ 33, 34
5 | (showing a picture), 41.  Because the statute clearly and unambiguously defines "any pipe, ditch
6 | [or] channel" as a point source, 33 U.S.C. § 1362(14), the statutory language controls.
7 |       The claim that the regulations trump the unambiguous statutory definition, and make a
8 | CAAPF a "point source" *only if* it produces more than 20,000 pounds of animals (or feeds 5,000
9 | pounds during the maximum feeding month) is not supportable, and it is not the holding of
10 | *APHETI*.  In the face of a plausible allegation that Coast Seafoods is discharging pollutants from
11 | pipes and ditches, the statutory language compels this Court to deny defendant's motion to
12 | dismiss.  *Forsgren*, 309 F.3d at 1185-86, 1190; *Brown*, 640 F.3d at 1-070-71, 1079.
13 |       IT IS SO ORDERED.
14 |       Dated this 3rd day of June, 2016.

                                                  Ronald B. Leighton
                                                  United States District Judge