UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLYMPIC FOREST COALITION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>COAST SEAFOODS COMPANY, a Washington corporation,<br><br>Defendant. | CASE NO. 3:16-cv-05068-RBL<br><br>ORDER ON MOTIONS TO COMPEL AND FOR DECLARATORY RELIEF |

THIS MATTER is before the Court on Defendant Coast Seafoods Company's Motion for Declaratory Relief on Penalty and on Plaintiff Olympic Forest Coalition's Motion to Compel and for Sanctions.

OFCO sued Coast for discharging chlorine and other chemical pollutants from its Quilcene Bay shellfish hatchery, without the required National Pollutant Discharge Elimination System permit. While the Washington State Department of Ecology had told Coast (and similar hatcheries) that such a permit was not required, this Court determined that a permit was required, and the Ninth Circuit affirmed. Coast has since applied for an NDPES permit, but Ecology has not completed that process.

OFCO now seeks discovery into Coast's finances in support of its claim for a punitive penalty for both prior and ongoing un-permitted discharges. Coast asks the Court to determine now that only a nominal penalty is appropriate, because Ecology told it that it did not need an NDPES permit. It argues that such a penalty would obviate the need for discovery into its finances.

Because Ecology's input on the severity of the pollution and the measures needed to alleviate it will necessarily play a large role in the Court's penalty analysis, both Motions are DENIED without prejudice.

## DISCUSSION

It is too early to determine the severity of the un-permitted discharges, and the Court therefore cannot and will not determine the appropriate penalty until Ecology's review of the permit application is complete. The Court may also require more evidence regarding any un-permitted discharges that occurred after the Ninth Circuit's decision. The Court will not decide Coast's Motion for Declaratory Relief on Penalty before Ecology processes its NPSDES permit application, and Coast's Motion is DENIED.

OFCO's request for Coast's financial documents is similarly premature. OFCO argues it needs Coast's financial documents for calculating an appropriate civil penalty and for issuing an injunction. But this information is only potentially relevant if the Court determines that a punitive penalty is warranted. That determination will await Ecology's permit decision.

OFCO argues that it is entitled to conduct penalty-related discovery even though the Court has not yet determined that Coast is liable. *See Cal Sportfishing Prot. All. v. Chico Scrap Metal Inc.,* 2014 U.S. Dist. LEXIS 144173, at *14. (E.D. Cal. Oct. 9, 2014). But while the *Cal Sportfishing* court allowed penalty-specific discovery before *it* had determined there was a

violation, the state and federal agencies with the authority and expertise to actually regulate the defendant's discharges had already ascertained the extent of the violations. Indeed, they had commenced enforcement actions based on them. The analogous agency here—Ecology—has done none of those things in this case. *See id.* at \*2-3. *Cal Sportfishing* is not analogous or binding.

Despite OFCO's curious disregard for Ecology's input, the Court strongly disagrees that it should discount Ecology's expert assessment, and it certainly will not assume Ecology's role as the primary environmental regulator in this or any other case. If Ecology does not issue the permit before the March 2020 trial date, the solution is to change the trial date, not to try the case without Ecology's input.

## CONCLUSION

For the above reasons, OFCO's Motion to Compel and for Sanctions, and Coast's Motion for Declaratory Relief on Penalty are DENIED without prejudice.

IT IS SO ORDERED.

Dated this 25th day of June.

Ronald B. Leighton
United States District Judge

ORDER